[Cite as *A.L.K. v. A.K.*, 2014-Ohio-2284.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

A.L.K. [a minor child by and through     :
her next of kin] A.Q.,

                               :

         Petitioner-Appellant,

                               :

v.                                          No. 13AP-952

                               :         (C.P.C. No. 13DV-1587)

A. K.,

                               :         (REGULAR CALENDAR)

         Respondent-Appellee.

                               :

## D E C I S I O N

### Rendered on May 29, 2014

*Micaela Deming;* The Legal Aid Society of Columbus, and
*Stuart Y. Itani*, for appellant.

**APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations**

TYACK, J.

{¶ 1} This is an appeal which involves the awarding of attorney fees to the respondent in a civil protection order case. Five errors are assigned for our review:

> [I.] The trial court erred by taking judicial notice of previous cases involving Appellee and Appellant's mother, Ashleigh Quint.
>
> [II.] The trial court's hearing on whether Appellant engaged in frivolous conduct failed to comport with principles of notice and due process.
>
> [III.] The trial court's finding that Appellant engaged in frivolous conduct under R.C. 2323.51 is against the manifest weight of the evidence.

[IV.] The trial court's finding of frivolous conduct under R.C. 2323.51 against a petitioner seeking safety through a civil protection order proceeding is against public policy.

[V.] The trial court lacked jurisdiction to enter a separate finding regarding parental alienation that is beyond the scope of R.C. 2323.51.

{¶ 2} The trial court's entry awarding attorney fees lists a young child born in the spring of 2009 as petitioner. The court entry lists a string of actions taken by the child's mother which indicated personal animosity from the mother toward the respondent. These actions included prior filings for civil protection orders; actions taken in Delaware County, Ohio; and information inaccurately given to Westerville City Schools involving the child. The court's written decision repeatedly refers to the child's mother as the petitioner. The court's final action is an awarding of attorney fees in the amount of $2,948 to respondent and orders the petitioner to pay that amount. The petitioner listed in the trial court's journal entry is the child.

{¶ 3} The record does not indicate that the young child engaged in any frivolous conduct or that the child is in any way responsible for the litigation initiated on her behalf. An award of attorney fees against the child is against the manifest weight of the evidence.

{¶ 4} The third assignment of error is sustained.

{¶ 5} The sustaining of the third assignment of error moots the other assignments of error. The other assignments of error are therefore not the subject of further discussion.

{¶ 6} The entry awarding attorney fees is vacated. The case is remanded to the trial court to enter a new entry overruling the motion for attorney fees with respect to the child, A.K.

*Judgment remanded with instructions.*

SADLER, P.J., and O'GRADY, J., concur.

———————————